IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

**JAMES U. PAYNE**,

          Case No. 2:22-cv-12574-MAG-KGA

   Plaintiff,

          Honorable Mark A. Goldsmith

v

          Magistrate Judge Kimberly G. Altman

**DEPUTY BROADWORTH,
DEPUTY SILVEUS, DEPUTY STOETZEL,
DEPUTY PANONNE, DEPUTY MILLER,
DEPUTY TOWNLEY, DEPUTY CONLEY,
DEPUTY T. ANDERSON, DEPUTY SERBANTEZ**

   Defendants.

_____/

| | |
|---|---|
| James U. Payne | ROSATI, SCHULTZ, JOPPICH |
| *Plaintiff Pro-se* | & AMTSBUECHLER, P.C. |
| 213 E. Robinson Street | Andrew J. Brege (P71474) |
| Jackson, MI 49203 | Alexandra L. Page (P84663) |
| | *Attorneys for Defendants* |
| | 822 Centennial Way, Ste. 270 |
| | Lansing, MI 48917 |
| | (517) 886-3800 |
| | abrege@rsjalaw.com |
| | apage@rsjalaw.com |

_____/

## **DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

### *** Oral Argument Requested ***

Defendants, **DEPUTY BROADWORTH, DEPUTY SILVEUS, DEPUTY STOETZEL, DEPUTY PANONNE, DEPUTY MILLER, DEPUTY TOWNLEY, DEPUTY CONLEY, DEPUTY T. ANDERSON,** and **DEPUTY SERBANTEZ**, through their attorneys ROSATI SCHULTZ JOPPICH & AMTSBUCHLER PC, and pursuant to Fed. R. Civ. P. 12(b)(6), move this Court to dismiss the Plaintiff's Complaint against Defendants, as described more fully in the accompanying brief. On January 13, 2023, undersigned counsel sought concurrence with Plaintiff in the relief sought by this present motion, but concurrence was not forthcoming. LR 7.1(a)(2)(C).

     **WHEREFORE**, Defendants ask this Court to enter an order under Fed. R. Civ. P 12(b)(6) granting this Motion to Dismiss, dismissing Plaintiff's Complaint with prejudice, and granting any other relief the Court deems just and reasonable.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

*/s/ Alexandra L. Page*
Andrew J. Brege (P71474)
Alexandra L. Page (P84663)
*Attorneys for Defendants*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
Dated: February 3, 2023    apage@rsjalaw.com

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically filed the foregoing papers with the Clerk of Court, using the ECF system, which will send notification of such filing to the attorneys of record and by ***first class mail*** to:

James U. Payne
213 E. Robinson St.
Jackson, MI 49203

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

*/s/ Alexandra L. Page*
Andrew J. Brege (P71474)
Alexandra L. Page (P84663)
*Attorneys for Defendants*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
Dated: February 3, 2023        apage@rsjalaw.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

**JAMES U. PAYNE**,

                      Case No. 2:22-cv-12574-MAG-KGA

       Plaintiff,


                      Honorable Mark A. Goldsmith

v

                      Magistrate Judge Kimberly G. Altman

**DEPUTY BROADWORTH,**
**DEPUTY SILVEUS, DEPUTY STOETZEL,**
**DEPUTY PANONNE, DEPUTY MILLER,**
**DEPUTY TOWNLEY, DEPUTY CONLEY,**
**DEPUTY T. ANDERSON, DEPUTY SERBANTEZ**

       Defendants.

_____/

| | |
|---|---|
| James U. Payne | ROSATI, SCHULTZ, JOPPICH |
| *Plaintiff Pro-se* | & AMTSBUECHLER, P.C. |
| 213 E. Robinson Street | Andrew J. Brege (P71474) |
| Jackson, MI 49203 | Alexandra L. Page (P84663) |
| | *Attorneys for Defendants* |
| | 822 Centennial Way, Ste. 270 |
| | Lansing, MI 48917 |
| | (517) 886-3800 |
| | abrege@rsjalaw.com |
| | apage@rsjalaw.com |

_____/


## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

### *** Oral Argument Requested ***

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. ii

INDEX OF AUTHORITIES ......................................................................... iii

I.      INTRODUCTION ...............................................................................1

II.     STATEMENT OF FACTS...................................................................1

III.    STANDARD OF REVIEW .................................................................4

IV.     ARGUMENT .......................................................................................6

      A.      Plaintiff's Complaint must be dismissed because it fails
to comply with even the most basic pleading
requirements or state a plausible § 1983 claim..........................6

      B.      Any official capacity claims asserted against the nine
(9) individual Defendants must be dismissed because
Plaintiff has not pled and cannot show any
unconstitutional policies or customs. .......................................10

      C.      Any individual capacity claims asserted against the nine
(9) individual Defendants are barred by qualified
immunity. ..................................................................................13

V.      CONCLUSION .................................................................................15

# INDEX OF AUTHORITIES

<u>**Cases**</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 4, 7, 8

*Barker v. Goodrich*, 649 F.3d 428 (6th Cir. 2011) ....................................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................. 4, 6, 7, 8

*Board of County Comm'rs v. Brown*, 520 U.S. 397 (1997) ....................................12

*Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000) ...........................................10

*Crocker v. County of Macomb*, 119 Fed. Appx. 718 (6th Cir. 2005)....................12

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)............................................5

*Davis v. Scherer*, 468 U.S. 183 (1984)....................................................................12

*Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996) ........................................11

*Farmer v. Brennan*, 511 U.S. 825 (1994)................................................................9

*Feathers v. Aey*, 319 F.3d 843 (6th Cir. 2003)........................................................15

*Ford v. County of Grand Traverse*, 535 F.3d 483 (6th Cir. 2008).................. 11, 12

*Haines v Kerner*, 404 U.S. 519 (1972)....................................................................5

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982).............................................................13

*Hudson v. McMillian,* 503 U.S. 1 (1992) ...............................................................10

*Kentucky v. Graham*, 473 U.S. 159 (1985).............................................................10

*Lindsay v. Owens Loan*, No. 08-CV-12526, 2008 WL 2795944
 (E.D. Mich. July 18, 2008) ..............................................................................5

*Malley v. Briggs*, 475 U.S. 335 (1986)............................................................ 14, 15

*Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010) ........................................................9

*Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658 (1978) ...................................................................................................... 10, 11

*Mullenix v. Luna*, 577 U.S. 7 (2015) .......................................................14

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) .......................................11

*Papasan v. Allain*, 478 U.S. 265 (1986) ...................................................4

*Patrick v. Butzbaugh*, No. 1:08-CV-1075, 2009 WL 311073 (W.D. Mich. Feb. 6, 2009)..................................................................................5, 7

*Pearson v. Callahan*, 555 U.S. 223 (2009) .............................................14

*Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007).........................11

*Reeves v. Ratliff*, No. Civ.A.05CV112-HRW, 2005 WL 1719970 (E.D. Ky. July 21, 2005)........................................................................6

*Risbridger v. Connelly*, 275 F.3d 565 (6th Cir. 2002) ............................14

*Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985) ...........................12

*Saucier v. Katz*, 533 U.S. 194 (2001) .....................................................14

*Vakilian v. Shaw*, 335 F.3d 509 (6th Cir. 2003) .....................................14

*Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989) ............................... 5, 7, 10

*Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020) ....................................9

## Federal Court Rules

Fed. R. Civ. P. 12(b)(6).......................................................................4, 10

## Federal Statutes

42 U.S.C. § 1983 ....................................................................... 8, 10, 15

## **Other Authorities**

Local Rule 5.1(a)(1)(E)(ii) ........................................................................3

LR 7.1(a)(2)(A) ........................................................................................3

## I.      INTRODUCTION

Plaintiff James U. Payne has filed suit against 9 individual deputies of the Jackson County Jail: DEPUTY BROADWORTH, DEPUTY SILVEUS, DEPUTY STOETZEL, DEPUTY PANONNE, DEPUTY MILLER, DEPUTY TOWNLEY, DEPUTY CONLEY, DEPUTY T. ANDERSON, and DEPUTY SERBANTEZ. Plaintiff alleges these Defendants violated his constitutional rights and that he is now entitled to relief based on their conduct. However, Plaintiff's present lawsuit fails to state a plausible claim against any of these Defendants. Therefore, Defendants request dismissal of Plaintiff's Complaint in its entirety.

## II.     STATEMENT OF FACTS[1]

Plaintiff filed this action on or about October 26, 2022 via first-class mail (dated October 21, 2022) alleging various constitutional rights violations ("Jackson County Jail's violated my 8th and 14th amendment's"). (ECF No. 1, PageID.44-45) The following is a recitation of the facts as alleged in Plaintiff's Complaint:

> The fact's of my claim is that Dep Broadworth put pepper
> spray or mace on my face towel in the laundry room and

---

[1] For purposes of this motion, only, Defendants accept the facts as alleged in Plaintiff's Complaint as true.

1

put my face towel back in my laundry bag so when I took a shower my face towel burn my face peel my skin and got in my right eye that I have problem's [sic] with now (ECF No. 1, PageID.40)

(pg. 4) which I have all the date's it happend [sic], and plus that's a hate crime and violation of my 8th and 14th amendment right's [sic] and he also wouldn't let me copy or mail out my lawsuit motion's. Dep Silveus wouldn't wash my cloth's [sic] or let me shave but let other people in jail shave and wash there cloth's [sic] and Dep Silveus also lied to everyone so I can get served bag meal's instead [sic] of a normal food tray saying I threw a tray at him when I didn't which Sgt Townley caught him in a lie and took the bag meal only off my one man cell window which I have date's [sic] also that's violation of my 8th and 14th amendment right's [sic] which Dep Silveus came into my one man cell without no other Dep when he was suppose to have another Dep presented with him and he tried stealing the towel I had as part of evidence spraying me in my face when I tell him he can't have the towel everytime I got to grab if [sic] off my bunk and spray my ear cause I wouldn't give it to him out my jail cloth pocket and then Dep Silveus had Dep T. Anderson and Dep. Serbantez slam me to the (ECF No. 1, PageID.41)

(pg. 5) Ground for nothing which I have it dated also Dep Miller and Dep Panonne and Dep Stoetzel put me in lockdown for 18 to 20 hour's [sic] when the state law is 16 hour's [sic] in Michigan due to Dep Miller lied and said I had contraband with bag's to make jail cookups like everyone else in jail that's lock up has bags also and nothing happen's to them just me which that's violate my 14th amednment's right's being treated unequal which I have date's and Dep Panonne wanted to spray me in the eyes and help [Dep] Miller and Dep Stoetzel with putting me on lockdown on Chantter Rd Jal for 18 to 20 hour's past Michigan State law which is 16 hour's and Dep Stoetzel took all my mail out the jail mail box so I couldn't

2

> mail my lawsuit's motion's out to notify the federal court's
> and [illegible] them away and threw away my handwritten
> motion's also when being transfer from one Jackson
> County Jail to the other Jackson County jail which that is
> tempering with my mail and cost me appeal lawsuit's and
> other lawsuit's pending out of throwing my paperwork
> (ECF No. 1, PageID.42)
>
> (pg. 6) And mail away which is also spoliation on Dep
> Stoetzel also I have it dated. Dep Townley and Dep Conley
> also had the dupties [sic] give me bag meal's [sic] in
> violation of my 8th amendment and 14th amendment
> right's cause they was the sgt's of each shift when they had
> no reason to do it they was being cruel to me. And I have
> evidence of everything. And I have other deputies and
> nurses as witnesses. (ECF No. 1, PageID.43)

It appears that Plaintiff alleges Defendants should be held liable based on the conduct above for violating his constitutional rights under the Eighth and Fourteenth Amendment. *Id.* Plaintiff's requested relief seeks "justice for once, pain and suffering, emotional distress, and PTSD also," among other things. (ECF No. 1, PageID.43).

On January 17, 2023, undersigned counsel sought concurrence[2] with Plaintiff in the relief sought by this present motion. Plaintiff contacted counsel on January 30, 2023, but concurrence was not forthcoming. LR 7.1(a)(2)(A). These 9 individual

---

[2] As a party without counsel, proceeding pro se, Plaintiff did not provide his e-mail address, nor his telephone number as required under Local Rule 5.1(a)(1)(E)(ii).

Defendants now seek dismissal of all of Plaintiff's present claims against them under Fed. R. Civ. P. 12(b)(6).

### III.    STANDARD OF REVIEW

A motion filed under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleadings. While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Factual allegations must be enough to raise a right to relief above the speculative level and must be sufficient to state a claim for relief that is plausible on its face. *Id*.

> A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly*] at 556. The plausibility standard is akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

The reviewing court must generally accept all *factual* allegations in the complaint as "true," but the court need not accept as true "legal conclusions or unwarranted factual inferences." ***D'Ambrosio v. Marino***, 747 F.3d 378, 383 (6th Cir. 2014). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a claim. ***Id.***

While pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," ***Haines v Kerner***, 404 U.S. 519, 520 (1972), these same plausibility standards also apply to pro se claims. "Pro se litigants are afforded some leeway in their pleadings, but they still must satisfy the basic pleading standards." ***Patrick v. Butzbaugh***, No. 1:08-CV-1075, 2009 WL 311073, at *1 (W.D. Mich. Feb. 6, 2009) citing ***Wells v. Brown***, 891 F.2d 591, 594 (6th Cir. 1989) ("Even under this especially lenient [pro se] standard, Plaintiff's claims are subject to dismissal for failure to state a plausible claim.") (Vacated and remanded on other grounds); ***Lindsay v. Owens Loan***, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) "While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings ..., it is also not the role of the court to speculate about the nature of the claims asserted."); ***Reeves v. Ratliff***,

5

No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him.")

## IV.   ARGUMENT

Defendants are entitled to dismissal of Plaintiff's claims. To start, Plaintiff's Complaint has failed to comply with even the basic pleading standards under the Federal Rules of Civil Procedure. Plaintiff's claims themselves are also without merit against Defendants in either their official or individual capacities, as Plaintiff has failed to identify any improper customs, policies, or procedures on the part of the County of Jackson or state any claims that would avoid any Defendants' qualified immunity.

### A.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH EVEN THE MOST BASIC PLEADING REQUIREMENTS OR STATE A PLAUSIBLE § 1983 CLAIM.

Although there are a number of issues with Plaintiff's Complaint, its general vagueness should alone warrant dismissal. To survive a dispositive motion based on the pleadings, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim for relief that is plausible on its face. See ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007). Moreover, Rule 8(a) requires a "short and

plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint utterly fails to meet either of these requirements.

Factual allegations must be enough to raise a right to relief above the speculative level and must be sufficient to state a claim for relief that is plausible on its face. *Id.*

> A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly* at 556. The plausibility standard is akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) The same plausibility standards also apply to pro se claims. "Pro se litigants are afforded some leeway in their pleadings, but they still must satisfy the basic pleading standards." *Patrick v. Butzbaugh*, No. 1:08-CV-1075, 2009 WL 311073, at *1 (W.D. Mich. Feb. 6, 2009) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff's Complaint claims "I have evidence of everything. And I have other deputies and nurses as witnesses," (ECF No. 1, PageID.43) and states 5 different times within his Complaint that he has "date's" [sic] for when the alleged conduct

occurred. Yet Plaintiff provides no exhibits, no other witnesses, and absolutely no dates regarding the alleged conduct. Without more, Plaintiff's allegations are conclusory, speculative, and insufficient under ***Twombly/Iqbal*'s** standards.

Above all, Plaintiff Payne's Complaint fails to state a valid § 1983 claim against any of the 9 individual Defendants. For example, Plaintiff's Complaint alleges this Court has jurisdiction over his claims because his "8th and 14 amendment right's of the constitutional right's and civil right's has been violated." (ECF No. 1, PageID.40) But Plaintiff does not indicate whether he was a pretrial detainee, subject to the Fourteenth Amendment's protections, or a convicted inmate, subject to the Eighth Amendment's protections.[3] While the Sixth Circuit analyzes these claims under the same or similar rubrics, this failure to plead any facts to support which constitutional amendment actually applies makes analysis difficult. However, the remainder of his allegations put the issue to rest, as he cannot succeed on the claims asserted. That is, to the extent that Plaintiff asserts his claim based on his conditions of confinement, it must be dismissed.

---

[3] Upon information and belief, Plaintiff was not incarcerated as of November 10, 2022. (*See* ECF No. 6, PageID.21)

An Eighth Amendment violation arising from conditions of confinement requires Plaintiff to show that "the failure to protect from [the] risk of harm [was] objectively sufficiently serious," and that "the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal quotation marks and quotations omitted). Deliberate indifference requires a "state of mind more blameworthy than negligence," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), and "that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Farmer*, *supra* at 825). The Eighth Amendment's deliberate indifference framework includes both an objective and subjective component. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer*, *supra* at 834). To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 840. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* (quoting *Farmer, supra* at 837). While the Constitution "does not mandate comfortable prisons," the Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and ... 'reasonable measures to guarantee the safety of the inmates.'" *Farmer*, *supra* at 832. Even so,

9

"[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. ***Hudson v. McMillian,*** 503 U.S. 1, 9 (1992).

Because none of the facts as alleged by Plaintiff rise to the level of a serious deprivation and deliberate indifference required to support an Eighth Amendment claim, let alone any § 1983 claim that survives Rule 12(b)(6)'s plausibility requirement, his Complaint must be dismissed.

**B.** **ANY OFFICIAL CAPACITY CLAIMS ASSERTED AGAINST THE NINE (9) INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED AND CANNOT SHOW ANY UNCONSTITUTIONAL POLICIES OR CUSTOMS.**

Plaintiff's Complaint does not specify whether he is suing Defendants in their official or individual capacities. Under such circumstances, a defendant is assumed to be sued in his official capacity, unless the complaint indicates otherwise. ***Wells, supra at 593.*** Suits against an officer in his official capacity are generally considered to be suits against that individual's employing entity. *See* ***Claybrook v. Birchwell***, 199 F.3d 350, 355 n. 4 (6th Cir. 2000) (citing ***Kentucky v. Graham,*** 473 U.S. 159, 165 (1985)); *see also* ***Monell v. New York City Dep't. of Soc. Servs.***, 436 U.S. 658, 690, n. 55 (1978) (Official-capacity suits ... "generally represent only another way of pleading an action against an entity of which an officer is an agent."). Here,

10

Plaintiff has filed suit against 9 different deputies of the Jackson County Jail. (ECF No. 1, PageID.38-40) And for Plaintiff to sustain an official capacity suit against any of these individual Defendants, he must show he has a viable claim against Jackson County.

Under ***Monell*** and its progeny, a municipality may be held liable only (1) "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," ***Monell***, *supra* at 694, and (2) when there is an "affirmative link between the policy and the particular constitutional violation alleged." ***Oklahoma City v. Tuttle***, 471 U.S. 808, 823 (1985); *see also* ***Petty v. County of Franklin, Ohio***, 478 F.3d 341, 347 (6th Cir. 2007). Plaintiff must establish the county's official policies or customs (or lack thereof) were a "moving force" behind the deprivation of Plaintiff's rights and arose as a result of "deliberate indifference" to his rights. *See* ***Doe v. Claiborne County***, 103 F.3d 495, 507 (6th Cir. 1996).

"[T]o impose municipal liability a plaintiff bringing a § 1983 claim against a municipality must therefore identify the policy or custom that caused her injury." ***Ford v. County of Grand Traverse***, 535 F.3d 483, 495 (6th Cir. 2008). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations

11

resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." ***Id***. (quoting ***Board of County Comm'rs v. Brown***, 520 U.S. 397, 403-04 (1997)). Once the policy is identified, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." ***Board of County Comm'rs***, *supra* at 403-04. As the Sixth Circuit has phrased it:

> The key inquiry thus becomes whether, in viewing the County's policy in the light most favorable to [Plaintiff], there was sufficient evidence for reasonable minds to find "a direct causal link" between the County's policy and the alleged denial of [Plaintiff's] right to adequate medical care. *See*, e.g., *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) ("A municipality can be liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that his civil rights have been violated as a direct result of that municipality's policy or custom.") (citing *Monell*, 436 U.S. at 694); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the *Monell* requirements[,] a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." (internal quotation marks omitted)). [***Ford***, *supra* at 497.]

*See also* ***Crocker v. County of Macomb***, 119 Fed. Appx. 718, 725 (6th Cir. 2005) (citing ***Roberts v. City of Troy***, 773 F.2d 720, 723 (6th Cir. 1985) (quoting ***Davis v. Scherer***, 468 U.S. 183 (1984) ("The mere failure to comply with a state regulation

12

is not a constitutional violation.")). That is, the proper focus must be on what the policy actually was, not what it could have been ideally.

Here, Plaintiff has not pled and cannot show that Jackson County had any unconstitutional policies, practices, or procedures at the time of this incident, let alone that they led to the violation of his constitutional rights in this case. Plaintiff's Complaint simply relies on conclusory allegations devoid of any associated factual support. Thus, Plaintiff cannot sustain any claims against Jackson County, and thereby the 9 individual Defendants in their official capacities, and any such claims should be dismissed.

**C.  ANY INDIVIDUAL CAPACITY CLAIMS ASSERTED AGAINST THE NINE (9) INDIVIDUAL DEFENDANTS ARE BARRED BY QUALIFIED IMMUNITY.**

Even if Plaintiff's Complaint is interpreted as asserting claims against the nine (9) individual Defendants in their individual capacities, these claims would be barred by Defendants' qualified immunity. The Supreme Court held that in civil suits for money damages, government officials are entitled to qualified immunity for discretionary acts which do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose of qualified immunity is to protect public officials

13

from undue interference with their duties and from potentially disabling threats of liability. ***Vakilian v. Shaw***, 335 F.3d 509, 516 (6th Cir. 2003).  Qualified immunity applies irrespective of whether the official's error was a mistake of law, fact, or fact and law. ***Pearson v. Callahan***, 555 U.S. 223, 231 (2009). Qualified immunity, therefore, "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." ***Malley v. Briggs***, 475 U.S. 335, 341 (1986) (emphasis added).

Qualified immunity requires a two-part inquiry. ***Saucier v. Katz***, 533 U.S. 194, 200-01 (2001). The two inquiries are: (1) "whether a constitutional right would have been violated on the facts alleged" and (2) "whether the right was clearly established," which "must be considered on a more specific level." ***Id***. at 200. "This [second] inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." ***Id***. "A right is clearly established if there is binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point." ***Risbridger v. Connelly***, 275 F.3d 565, 569 (6th Cir. 2002); *see also **Mullenix v. Luna***, 577 U.S. 7, 11 (2015). Qualified immunity applies irrespective of whether the official's error was a mistake of law, fact, or fact and law. ***Pearson**, supra* at 231. Qualified immunity, therefore, "provides ample protection to *all but the plainly incompetent* or *those who knowingly*

14

*violate the law*." ***Malley, supra*** at 341 (emphasis added). To this end, the Sixth Circuit requires the Plaintiff provide "sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." ***Feathers v. Aey***, 319 F.3d 843, 848 (6th Cir. 2003) (internal quotations and citations omitted).

Although it is difficult to ascertain what Plaintiff is claiming in this case, there is little disputing that qualified immunity would apply to any of his claims. Plaintiff's Complaint not only fails to plead factual allegations supporting any 42 U.S.C. § 1983 (hereafter "§ 1983") claims against Defendants, but it also fails to outline any traditional theories of liability where Defendants' alleged conduct would plausibly give rise anywhere near the level of a constitutional violation, let alone a violation of any clearly established right. Plaintiff's failure to articulate a coherent, viable claim in his Complaint warrants dismissal.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion, dismiss this case with prejudice, and award all costs and attorney fees so wrongfully incurred in the defense of this action.

15

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

*/s/ Alexandra L. Page*
Andrew J. Brege (P71474)
Alexandra L. Page (P84663)
*Attorneys for Defendants*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
Dated: February 3, 2023      apage@rsjalaw.com

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2023, I electronically filed the foregoing papers with the Clerk of Court, using the ECF system, which will send notification of such filing to the attorneys of record and by ***first class mail*** to:

James U. Payne
213 E. Robinson St.
Jackson, MI 49203

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

*/s/ Alexandra L. Page*
Andrew J. Brege (P71474)
Alexandra L. Page (P84663)
*Attorneys for Defendants*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
Dated: February 3, 2023          apage@rsjalaw.com

17