UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

    Plaintiff,

v.

BROADWORTH, SILVEUS,
STOETZEL, PANONNE, MILLER,
TOWNLEY, CONLEY,
T. ANDERSON, and SERBANTEZ,

    Defendants.
_____/

Case No. 2:22-cv-12574
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 23)[1]

### I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff James U. Payne (Payne), proceeding *pro se*, is suing nine Jackson County Jail deputies: (1) Broadworth; (2) Silveus; (3) Stoetzel; (4) Panonne; (5) Miller; (6) Townley; (7) Conley; (8) T. Anderson; and (9) Serbantez. Payne alleges that these deputies violated his constitutional rights while he was incarcerated in the Jackson County Jail. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

referred to the undersigned. (ECF No. 12).

Before the Court is Payne's motion for default judgment as to Broadworth. (ECF No. 23). For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED.

## II. Background

Payne filed the complaint on October 26, 2022. (ECF No. 1). He was granted leave to proceed *in forma pauperis*, (ECF No. 10); as such, the Court ordered service by the United States Marshal (U.S. Marshal). *See* Fed. R. Civ. P. 4(c)(3). The Court also ordered Payne to complete service documents so that the U.S. Marshal could serve the complaint on defendants. (ECF No. 8). Payne provided as the address for each defendant their place of employment (the Jackson County Jail), and the U.S. Marshal attempted service for each by certified mail. *See* ECF Nos. 11, 14, 15, 27. The "Restricted Delivery" for service option was not selected, and each service packet appears to have been signed for by the same individual, who does not appear to be any of the defendants. *See* ECF Nos. 14, 15, 27. Nonetheless, each defendant except for Serbantez was given an answer due date of January 6, 2023.[2] *Id*. None of the defendants filed an answer or otherwise responded to the complaint by that date.

---

[2] Serbantez was not given a date by which to respond to the complaint because his certificate of service was not dated. *See* ECF No. 22.

On January 18, 2023, Payne requested the Clerk's entry of default as to Townley, Serbantez, Broadworth, Silveus, and Anderson. (ECF Nos. 16-20). The Clerk entered default as to Townley, Broadworth, Silveus, and Anderson, (ECF No. 21), but denied entry of default as to Serbantez because the date of service was not specified on his certificate of service (hereinafter, green card), (ECF No. 22).

On January 30, 2023, Payne filed the instant motion for default judgment as to Broadworth. (ECF No. 23). On February 3, 2023, all nine defendants—Broadworth, Silveus, Stoetzel, Panonne, Miller, Townley, Conley, Anderson, and Serbantez—filed, through counsel, a motion to dismiss. (ECF No. 24). Counsel subsequently filed a notice of appearance on behalf of all defendants. (ECF No. 28). Payne has been directed to file a response to the motion to dismiss by March 9, 2023. (ECF No. 26).

### III. Legal Standard

Under the Federal Rules of Civil Procedure, a case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(e) provides that service upon an individual from whom a waiver has not been obtained can be accomplished by delivering a copy of the summons and complaint to the individual personally, by leaving copies with an appropriate person residing at the individual's usual place of abode, or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to

receive service of process. Fed. R. Civ. P. 4(e)(2). Alternatively, a plaintiff may follow the state law for effectuating service "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under Federal Rule of Civil Procedure 55, a plaintiff must follow a two-step process to obtain a default judgment against a defendant. Fed. R. Civ. P. 55. First, under subsection (a), a plaintiff must request and obtain the Clerk's entry of default against the defendant. Fed. R. Civ. P. 55(a). Second, under subsection (b), a plaintiff must move for entry of a default judgment either by the clerk or the district court. Fed. R. Civ. P. 55(b).

## IV. Discussion

Serving a defendant via certified mail is permitted under the Federal Rules if it is done in accordance with the Michigan Court Rules. Under Michigan Court Rule 2.105(A)(2), a defendant can be served via certified mail only when certain conditions are met. That rule provides that an individual defendant may be served by

> sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and *delivery restricted to the addressee*. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A)(2) (emphasis added).

Here, the service packet sent to Broadworth was not made under "Restricted

4

Delivery," which allowed for someone other than Broadworth to sign the green card. (ECF No. 15, PageID.77). This is contrary to Michigan's service rule which requires service to be sent "delivery restricted" and then acknowledged by the individual being served. *See* Mich. Ct. R. 2.105(A)(2); *see also Foreman v. United States*, No. 2:22-cv-10401, 2022 WL 6600956, at *3 (E.D. Mich. Aug. 2, 2022), *report and recommendation adopted*, 2022 WL 4130864 (E.D. Mich. Sept. 12, 2022). Additionally, the service packet was improperly mailed to Broadworth at his place of employment rather than to his home address. *See Robinson v. Genesee Cnty. Sheriff's Dep't*, No. 16-CV-13805, 2017 WL 2403572, at *5 (E.D. Mich. June 2, 2017) ("But neither the Federal Rules of Civil Procedure nor Michigan rules allow for an individual to be served through his employer.").

Ultimately, "due process requires that service be reasonably calculated to provide actual notice to defendants[,]" *id*. (internal quotation marks and citations omitted), and despite the involvement of the U.S. Marshal, Payne "bears the burden of perfecting service of process and showing that proper service was made[,]" *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). He has not met this burden. Therefore, Payne's motion for default judgment as to Broadworth should be denied.

Moreover, service issue aside, as noted above, counsel has filed an appearance for Broadworth as well as a motion to dismiss on his behalf. Thus,

5

Broadworth, along with the other defendants, has appeared through counsel in this case.

## V. Conclusion

For the reasons stated above, it is RECOMMENDED that Payne's motion for default judgment as to Broadworth, (ECF No. 23), be DENIED.

Dated: February 13, 2023  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

6

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2023.

                                                s/Carolyn M. Ciesla
                                                CAROLYN M. CIESLA
                                                Case Manager