UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

      Plaintiff,

v.

BROADWORTH, SILVEUS,
STOETZEL, PANONNE, MILLER,
TOWNLEY, CONLEY,
T. ANDERSON, and SERBANTEZ,

      Defendants.

_____/

Case No. 2:22-cv-12574
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**ORDER**[1]
**GRANTING DEFENDANTS' MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT (ECF No. 35)
AND
DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 32)** [2]

I.      Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff James U. Payne

---

[1] "A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default *judgment*) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." *Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collecting cases) (emphasis in original).

[2] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

(Payne)[3] is suing nine Jackson County Jail deputies: (1) Broadworth; (2) Silveus;

(3) Stoetzel; (4) Panonne; (5) Miller; (6) Townley; (7) Conley; (8) T. Anderson

(Anderson); and (9) Serbantez.  Payne alleges that these deputies violated his

constitutional rights while he was incarcerated in the Jackson County Jail.  *See*

ECF No. 1.

Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the

undersigned.  (ECF No. 12).  There are currently four motions pending before the

undersigned: (1) a motion to dismiss jointly filed by all nine defendants, (ECF No.

24); (2) Payne's motion to strike the motion to dismiss, (ECF No. 32); (3)

defendants' motion to set aside the Clerk's entry of default as to Anderson,

Broadworth, Silveus, and Townley, (ECF No. 35); and (4) Payne's motion for

default judgment as to as to Anderson, Broadworth, Silveus, and Townley, (ECF

No. 39).  This order will resolve the second and third motions.  The fourth motion

is addressed in a Report and Recommendation (R&R) filed on the same date as this

order.  The first motion will be the subject of a future R&R.

For the reasons set forth below, defendants' motion will be GRANTED and

Payne's motion will be DENIED.

---

[3] Payne filed his complaint as a *pro se* litigant, but an attorney has since entered an
appearance on his behalf.  *See* ECF No. 44.

## II.    Legal Standards

Under Federal Rule of Civil Procedure 12, a defendant generally must file an answer or otherwise respond "within 21 days after being served with the summons and complaint[.]"  Fed. R. Civ. P. 12(a)(1)(A)(i).  However, if service is not done properly, a defendant is not required to respond to the complaint.  *See Foreman v. United States*, No. 2:22-cv-10401, 2022 WL 17826503, at *3 (E.D. Mich. Nov. 16, 2022) ("Because [the defendant] was never properly served with the complaint, his answer is not due and his motion to dismiss is timely."); *see also Wallace v. Interpublic Grp. of Cos., Inc.*, No. 09-11510, 2009 WL 1856543, at *2 (E.D. Mich. June 29, 2009) (determining that removal was not untimely where plaintiff never achieved service); *Townsend v. Schofield*, No. 14-2861-JDT-DKV, 2015 WL 5254604, at *8 (W.D. Tenn. Sept. 9, 2015) ("Because the Defendants were not served with process prior to the filing of this motion, they were under no obligation to answer the complaint[.]"); *Weaver v. Moamis*, No. 4:14CV311, 2015 WL 874759, at *4 (N.D. Ohio Feb. 27, 2015) ("According to the docket, [the defendant] was never served, and, as a consequence, his answer could not be untimely filed.").

### A.    Motion to Set Aside Default

As to setting aside the Clerk's entry of default, "Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default.

However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id*. Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (cleaned up).

Under Rule 55(c), a court may set aside an entry of default "[f]or good cause shown." When evaluating either a motion to set aside a proper entry of default or a default judgment, a court considers three factors: (1) whether the default was the result of the defendant's willful or culpable conduct; (2) whether the plaintiff would be prejudiced if the default is set aside; and (3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc.*, 705 F.2d at 844-845.

"However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, No. 12–cv–10308, 2012 WL 2905918, at *1 (E.D. Mich. Apr. 10, 2012), *report and recommendation adopted*, 2012 WL

2905279 (E.D. Mich. July 16, 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, No. 10–12112, 2010 WL 4366501, at \*3 (E.D. Mich. Oct. 28, 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022).

### B.     Motion to Strike

As to Payne's request to strike, Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" however, that rule "by its clear text does not provide a vehicle to strike an untimely filed answer[,]" *Amari v. Spillan*, No. 2:08-CV-829, 2009 WL 5216042, at \*2 (S.D. Ohio Dec. 29, 2009) (citing *Heber v. United States*, 145 F.R.D. 576 (D.C. Utah 1992)).

### III.    Discussion

### A.     Motion to Set Aside Default

In their motion to set aside default, defendants argue that the Clerk's entry of default was improper because defendants were never properly served. The undersigned agrees.

The issues with service were set forth in detail in the February 13, 2023

R&R, *see* ECF No. 29, and again in the R&R filed alongside this order.  In brief, the same individual signed the certificates of service, or green cards, for Anderson, Broadworth, Silveus, and Townley.  (ECF No. 15).  This individual does not appear to be one of the named defendants.  Additionally, the box for "Restricted Delivery" was not checked on any of the green cards.  (*Id.*).  Finally, Anderson, Broadworth, Silveus, and Townley were all served at the same address (their workplace), rather than at their home addresses.  (*Id.*).  Ultimately, because service was not properly completed, the Court must set aside the Clerk's entry of default as to Anderson, Broadworth, Silveus, and Townley.

Service issues aside, even assuming the Clerk's entry of default was proper, there is good cause to grant defendants' motion to set aside the entry of default. Defendants have defended this case by retaining counsel and filing a motion to dismiss.  Payne also cannot show prejudice in allowing the Clerk's entry of default to be set aside, particularly now that Payne has counsel and counsel filed a supplemental response to the motion to dismiss.

B.      Motion to Strike

Payne asks the Court to strike defendants' motion to dismiss, (ECF No. 24), because it was filed after the Clerk entered default as to Anderson, Broadworth, Silveus, and Townley, *see* ECF No. 21.  However, as explained above, the Clerk's entry of default must be set aside.  With the default set aside, defendants' motion is

6

deemed to be properly filed.  Thus, there is no basis to strike the motion.

## IV.  Conclusion

For the reasons stated above, defendants' motion to set aside the Clerk's

entry of default, (ECF No. 35), is GRANTED and Payne's motion to strike, (ECF

No. 32), is DENIED.

SO ORDERED.

Dated: April 20, 2023                         s/Kimberly G. Altman
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                                       United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on April 20, 2023.

                                                       s/Carolyn M. Ciesla
                                                       CAROLYN M. CIESLA
                                                       Case Manager