UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

       Plaintiff,                       Case No. 22-cv-12574

v.                                          HON. MARK A. GOLDSMITH

BROADWORTH et al.,

       Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING REPORT & RECOMMENDATION (Dkt. 29), (2) OVERRULING
PLAINTIFF'S OBJECTIONS (Dkt. 34), AND (3) DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT (Dkt. 23)**

Before the Court is Magistrate Judge Kimberly Altman's report and recommendation (R&R) (Dkt. 29) recommending that the Court deny Plaintiff James U. Payne's motion for default judgment (Dkt. 23). Payne filed objections to the R&R (Dkt. 34) and Defendants filed a response to Payne's objections (Dkt. 40). For the reasons that follow, the Court (i) accepts the recommendation in the R&R, (ii) overrules Payne's objections, and (iii) denies Payne's motion for default judgement.[1]

**I. BACKGROUND**

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–3. Payne alleges that Jackson County Jail deputies, Defendants Broadworth, Silveus, Stoetzel, Panonne, Miller, Townley, Conley, Anderson, and Serbantez,[2] subjected him to treatment that

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

[2] Defendants are identified in the pleadings only by their last names.

1

violated his rights under the Eighth and Fourteenth Amendments of the Constitution. Compl. (Dkt. 1). Specifically, Payne's complaint alleges:

- that Broadworth placed pepper spray or mace on Payne's towel, resulting in burns to his face and eye;

- that Silveus refused to wash Payne's clothes or to permit him to shave;

- that Silveus arranged for Payne to be served with a "bag meal[]" instead of the "normal food tray";

- that Miller, Panonne, and Stoetzel placed Payne in lockdown for 18–20 hours;

- that Miller falsely asserted that Payne had contraband; and

- that Stoetzal took Payne's mail from his mailbox to prevent him from making mailings related to his lawsuit.

Id. at PageID. 41–43.

As the R&R notes, shortly after Payne filed his complaint containing the above allegations, this Court ordered Payne to complete documents necessary for the United States Marshal's Service to complete service of the complaint and summonses on Defendants. 11/17/2023 Order (Dkt. 8). The Marshal's Service attempted to serve the complaint and summonses on each Defendant via certified mail but failed to designate the certified mailings as "Restricted Delivery." See Certificates of Service (Dkts. 14, 15, 27). The delivery receipts for the certified mailings indicate that another individual, who is not a party to this action, accepted delivery of the mailings. See id. The Clerk provided a deadline for each Defendant to answer Payne's complaint. See Cert. of Service/Summons (Dkt. 15). None of the Defendants answered or otherwise responded to Payne's complaint by the assigned answer date.

Payne requested the Clerk's entry of default judgment as to Townley, Serbantez, Broadworth, Silveus, and Anderson. See Requests for Clerk's Entry of Default (Dkts. 16–20). The Clerk later entered defaults as to Broadworth, Anderson, Silveus, and Townley. See Entry of

2

Defaults (Dkt. 21). Payne moved for default judgement against Broadworth. Shortly after the filing of Payne's motion for default judgment, counsel appeared on behalf of all defendants (Dkt. 28), and defendants moved to dismiss Payne's complaint (Dkt. 26).

The magistrate judge denied Payne's motion for default judgement after concluding (i) that Payne failed to meet his burden of properly serving Broadworth in accordance with Michigan Court Rule 2.105(A)(2), as required under Federal Rule of Civil Procedure 4, see R&R at 3–5, and (ii) that, the service issue aside, Broadworth has appeared in this action through counsel, id. at 5.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate's recommendation but failed to specify the findings that [the objector] believed were in error" were summary in nature and, therefore, invalid). Here, Payne raises several objections to the R&R, none of which has merit.

Payne first objects to the R&R on the ground that the Marshal's Service attempted to complete the service of process on Broadworth, and therefore, the Marshal's Service is the party responsible for failing to properly serve Broadworth. Obj. at PageID.166.

3

Payne is incorrect to the extent his objection argues that the Marshal's Service failure to properly serve Broadworth renders such service effective. As the R&R explained, proper service is lacking here because the Marshal's Service failed to designate the certified mailings as "Restricted Delivery," as is required when attempting to complete service via certified mail under Michigan Court Rule 2.105(A)(2), and as a result, Broadworth did not sign the delivery receipt. See R&R at 4–5 (explaining that "serving a defendant via certified mail is permitted under the Federal Rules if it is done in accordance with the Michigan Court Rules"); Mich. Ct. R. 2.105(A)(2) (stating that process may be served by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee . . . [a] copy of the return receipt signed by the defendant must be attached to proof showing service"). Thus, even if Payne is correct that it was the Marshal's Service error that resulted in the ineffective service on Broadworth, the lack of proper service nonetheless dooms Payne's motion for default judgment. See Etherly v. Rehabitat Sys. of Michigan, No. 13-11360, 2013 WL 3946079, at *4 (E.D. Mich. July 31, 2013) (recommending the court deny pro se plaintiff's motion for default judgment where the United States Marshal's Service attempted to serve defendants via certified mail did not constitute proper service); Harrison v. Pandya, No. 1:09-cv-349, 2010 WL 2802228, at *3 (W.D. Mich. June 25, 2010), report and recommendation adopted, No. 1:09-cv-349, 2010 WL 2802290 (W.D. Mich. July 14, 2010) (recommending that the court grant defendants' motion to dismiss for insufficient service where the Marshal's Service attempted to serve defendants via certified mail without designating the mailings as restricted delivery and where someone other than the addressees accepted delivery of the summonses; explaining that, while "pro se plaintiffs who depend on Court officers should not be penalized for a court officer's failure or mistake in properly effecting service of process . . . . [d]eference to

4

plaintiffs' pro se status, . . . cannot justify the exercise of jurisdiction over defendants who have not been served properly") (punctuation modified).

Payne next objects on the ground that "[s]omeone at the jail signed [the certified mailing delivery receipt[,] presumably someone authorized to sign," and that "[t]hey were put on notice as well." Obj. at PageID.166–167. The Court interprets Payne's objection as arguing that service was proper because someone other than Broadworth who worked at the Jackson County Jail signed the service packet and was authorized to accept service on Broadworth's behalf. But contrary to Payne's assertion, there is no indication that the person who signed the delivery receipt was authorized to accept service on behalf of Broadworth or that Broadworth was otherwise properly served under Michigan Court Rules. Absent proper service of process, this Court does not have authority to enter the default judgement that Payne seeks. See Etherly, 2013 WL 3946079, at *4 ("[S]ufficient service of process is a prerequisite to entry of default.") (quoting Russell v. Tribley, No. 2:10-cv-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011)).

Payne also objects that "[e]verything [he] did was according to the Federal Court's procedures, before the US Marshal[]'s served the summons and complaint to Broadworth." Obj. at PageID.166–167. The Court recognizes that Payne timely prepared the documents necessary for service as required by the Court. See 11/17/2022 Order. However, as explained above, despite Payne's efforts, Broadworth was not properly served. Because proper service is lacking, the Court must overrule this objection to the R&R. See Harrison, 2010 WL 2802228, at *3 (W.D. Mich. June 25, 2010); Etherly, 2013 WL 3946079, at *4. The Court overrules Payne's objections to the R&R.

Payne's objections aside, additional considerations counsel in favor of denying Payne's motion. The magistrate judge has set aside the Clerk's entry of default against Broadworth based

on lack of proper service. See 4/20/2023 Order (Dkt. 48). Payne did not appeal this order. Nor has Payne suffered any prejudice as a result of Broadworth's (albeit delayed) participation in this lawsuit. Arbor Plastic Techs., LLC v. Spartech, LLC, No. 3:21-CV-11194, 2022 WL 3223986, at *7 (E.D. Mich. July 25, 2022) ("Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment.") (punctuation modified). Indeed, Broadworth appeared in this action shortly after Payne filed the instant motion, see 2/8/2023 Notice of Appearance (Dkt. 28), and Payne himself has only recently obtained counsel to assist him in prosecuting this action. See 3/21/2023 Notice of Appearance of Ina R. O'Briant (Dkt. 44). The magistrate judge's setting aside of the Clerk's entry of default against Broadworth, Broadworth's participation in this lawsuit, and the absence of prejudice to Payne are all factors that militate in favor of denying Payne's motion.

The Court denies Payne's motion for default judgment.

### III. CONCLUSION

For the reasons stated above, the Court (i) accepts the recommendation in the R&R (Dkt. 29), (ii) overrules Payne's objections (Dkt. 34), and (iii) denies Payne's motion for default judgement (Dkt. 23).

SO ORDERED.

Dated: September 11, 2023  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge