UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

      Plaintiff,                  Case No. 2:22-cv-12574
                                        District Judge Mark A. Goldsmith
v.                                Magistrate Judge Kimberly G. Altman

BROADWORTH, SILVEUS,
STOETZEL, PANONNE, MILLER,
TOWNLEY, CONLEY,
T. ANDERSON, and SERBANTEZ,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT (ECF No. 56)**[1]

I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff James

U. Payne (Payne)[2] is suing nine Jackson County Jail deputies: (1) Broadworth, (2)

Silveus, (3) Stoetzel, (4) Panonne, (5) Miller, (6) Townley, (7) Conley, (8) T.

Anderson (Anderson), and (9) Serbantez. Payne claims that these deputies violated

---

[1] The undersigned informed the parties on February 21, 2024, that the motion would be decided without oral argument. (ECF No. 63).

[2] Payne filed his original complaint *pro se*, but an attorney has since entered an appearance on his behalf. *See* ECF No. 44.

1

his constitutional rights under the Eighth and Fourteenth Amendments while he was incarcerated post-sentencing at the Jackson County Jail. *See* ECF No. 55. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 12).

Before the Court is defendants' joint motion to dismiss the first amended complaint. (ECF No. 56). The motion is fully briefed, (ECF Nos. 60, 61), and ready for consideration. For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED.

## II.    Background

The following facts are gleaned from the first amended complaint, which are presumed true on a motion to dismiss.

While Payne was incarcerated post-sentencing at the Jackson County Jail, defendants took the following actions which Payne says violated his constitutional rights on multiple occasions between June 2019 and October 2019. (ECF No. 55, PageID.370-372).

On June 1, 2019, Miller, Panonne, and Stoetzel "placed [Payne] into 'lockdown' based upon false allegations." (*Id.*, PageID.370). Payne remained in lockdown for eighteen to twenty hours. (*Id.*).

On June 2, 2019, Stoetzel failed to ensure that Payne's legal documents for a pending civil rights case in which he was proceeding *pro se* arrived at the facility

2

to which he was being transferred. (*Id.*). The legal documents included handwritten motions. (*Id.*). Around the same date, Stoetzel removed and disposed of Payne's outgoing mail to a federal court. (*Id.*, PageID.371). As a result, the federal court never received Payne's notice of change of address, and Payne's case was eventually dismissed. (*Id.*).

In the late hours of July 8, 2019 or the early hours of July 9, 2019, "Broadworth put a chemical agent on [Payne's] face towel and stuck it back in [his] laundry bag in the laundry room area, knowing that [he] would use that towel to dry off when he showered." (*Id.*). On July 12, 2019, Payne took a shower and then dried off with his towel. (*Id.*). The towel burned Payne's face, burned and stung his right eye, and caused his face to peel. (*Id.*).

On July 13, 2019, Payne's mother called 911 and reported that jail staff was refusing to take Payne for medical treatment. (*Id.*).

Sometime during July 2019, Silveus falsely accused Payne of throwing a tray of food at him. (*Id.*).

Between July 2019 and October 2019, Townley and Conley ensured that Payne was only fed bag meals consisting of a cold cut sandwich. (*Id.*, PageID.371-372).

On October 20, 2019, Silveus entered Payne's "one man isolation by himself for about 5 minutes or more without help and tried to spray [Payne] in the face

3

with a chemical agent, while trying to take the towel that [Payne] had previously burned his face with that had the [ ] chemical agent on it that is evidence in this matter." (*Id.*, PageID.372). Silveus managed to spray one of Payne's ears as well as his face, and then called in Anderson to assist him. (*Id.*). Anderson and Serbantez both went to assist Silveus. (*Id.*). The three of them slammed the side of Payne's face on the floor and one of Payne's wrists got caught under his body, causing injury. (*Id.*).

### III.    Motion to Dismiss Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### IV.    Discussion

#### A.    Parties' Argument

In their motion to dismiss, defendants argue: (1) all of Payne's claims are time-barred under the relevant statute of limitations, and (2) Payne has failed to state a plausible claim against any defendant.  In response Payne argues: (1) defendants cannot raise a statute of limitations defense now because they failed to do so in their first motion to dismiss;[3] (2) Payne filed his lawsuit within the time permitted under the relevant statute of limitations; and (3) Payne adequately pled all of his claims against defendants.  In reply, defendants note: (1) they could not have raised the statute of limitations defense in their first motion to dismiss

---

[3] Before Payne was represented by counsel, he filed a complaint that defendants moved to dismiss under Rule 12(b)(6).  (ECF No. 24).  The undersigned recommended that rather than dismissing Payne's claims against defendants in their personal capacities, he be given an opportunity to file an amended complaint. (ECF No. 52).  The parties apparently agreed with this recommendation and submitted a stipulated order to the district court to allow Payne to file an amended complaint.  (ECF No. 53).  The amended complaint is the subject of defendants' current motion to dismiss.  (ECF No. 56).

because Payne failed to provide a timeframe for any of his allegations, and (2)

Payne has not met his burden of demonstrating he is entitled to equitable tolling.

### B.      Statute of Limitations

#### 1.      Legal Standard

Defendants move to dismiss Payne's claims as untimely under the relevant

statute of limitations.

> The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P.
> 8(c), and a plaintiff generally need not plead the lack of affirmative
> defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring "a
> short and plain statement *of the claim*" (emphasis added)); *Jones v.
> Bock*, 549 U.S. 199, 216 (2007).  For this reason, a motion under Rule
> 12(b)(6), which considers only the allegations in the complaint, is
> generally an inappropriate vehicle for dismissing a claim based upon
> the statute of limitations.    But, sometimes the allegations in the
> complaint affirmatively show that the claim is time-barred.  When that
> is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate.
> *See Jones*, 549 U.S. at 215 ("If the allegations . . . show that relief is
> barred by the applicable statute of limitations, the complaint is subject
> to dismissal for failure to state a claim[.]").

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (parallel citations

omitted).  In other words,

> [a]lthough Rule 12(b) does not specifically address motions to dismiss
> based on the alleged expiration of the applicable statute of limitations,
> a complaint that shows on its face that relief is barred by the affirmative
> defense of the statute of limitations is properly subject to a Rule
> 12(b)(6) motion to dismiss for failure to state a claim upon which relief
> can be granted.

*Conner v. U.S. Dep't of the Army*, 6 F. Supp. 3d 717, 722 (W.D. Ky. Mar. 11,

2014).

2.      Analysis

Payne's claims arose in the State of Michigan and are brought under § 1983.

Accordingly, the relevant statute of limitations is "Michigan's three-year statute of

limitations for personal-injury actions." *Roberson v. Macnicol*, 698 F. App'x 248,

250 (6th Cir. 2017).  Further,

> [w]hile state law determines the length of the statute of limitations,
> federal law determines when the statute of limitations begins to run on
> claims pursuant to § 1983.  Generally, accrual occurs when the plaintiff
> has a complete and present cause of action and can file suit and obtain
> relief.  Put another way, the limitations period starts to run when the
> plaintiff knows or has reason to know of the injury which is the basis
> of his action.  A plaintiff has reason to know of the injury which is the
> basis of his action when an event occurs that should have alerted the
> typical lay person to protect his or her rights.

*4th Leaf, LLC v. City of Grayson*, 425 F. Supp. 3d 810, 818 (E.D. Ky. 2019)

(internal quotation marks and citations omitted).

Here, Payne asserts claims based on multiple events that all happened on

different dates.  Payne filed his original complaint on October 26, 2022.  In a

typical civil case, this would mean that any claims premised on events occurring

prior to October 26, 2019, are time-barred.  The last series of events for which

Payne provides a specific date took place on October 20, 2019, making Payne's

complaint six days late as to those events.  However, the filing date of a prisoner's

complaint is determined by the date the prisoner deposits his complaint and fee

waiver request in the prison mail system, rather than the date the complaint is

7

entered by the court. *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir.2002); *Scott v. Evans*, 116 Fed. App'x. 699, 700 (6th Cir. 2004).

Payne signed the original complaint on October 21, 2022, which is the earliest date possible for purposes of the statute of limitations. Nonetheless, even using that date, the complaint was still filed one day outside the three-year statute of limitations. And October 20, 2022, was a non-holiday weekday (Thursday), so there is no reason Payne could not have filed his complaint on or before that date. Although the undersigned recognizes that one day late is not a long time, the fact remains that the complaint was still untimely. *See United States v. Locke*, 471 U.S. 84, 100-01 (1985) (holding that statute of limitations expiration dates are rigid, as allowing for leeway even for one day would create a "cascade of exceptions that would engulf the rule erected by the filing deadline").

Payne appears to argue that the statute of limitations should be tolled. For § 1983 claims, the relevant state's tolling rules are applied "as long as they are not inconsistent with federal law or policy." *Roberson*, 698 F. App'x at 250 (internal quotation marks and citation omitted); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.' " (quoting *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980)). "In Michigan, equitable tolling does not exist except as provided by

8

statute." *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11–CV–14502, 2012 WL 5828623, at *8 n. 4 (E.D. Mich. July 6, 2012); *see also Weathers v. Holland Police Dep't*, No. 1:13CV1349, 2015 WL 357058, at *5 (W.D. Mich. Jan. 27, 2015) (agreeing that Michigan does not recognize common law equitable tolling and stating that "[i]n applying Michigan law, [a] plaintiff's claim for equitable tolling of the three-year statute of limitations for a § 1983 claim must be based upon a statutory right to tolling").

Payne "has not provided a statutory basis to apply equitable tolling." *Matelic v. Mendoza*, No. 12-13523, 2020 WL 2750078, at *2 (E.D. Mich. May 27, 2020). Payne's status as an incarcerated individual and *pro se* litigant at the time he filed the complaint does not entitle him to equitable tolling. *See id.* ("Plaintiff's claim that he is entitled to equitable tolling due to 'disability' and 'lack of information' does not rescue the claims against this Defendant."). As the Supreme Court has explained,

> [w]hile we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed and have held that some procedural rules must give way because of the unique circumstance of incarceration, *we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel*.

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (cleaned up) (emphasis added). Moreover, "Michigan amended its laws in 1993 to eliminate imprisonment as a disability that would toll the statute of limitations." *Dixon v. Mich. Dep't of*

9

*Corrs.*, No. 23-12667, 2024 WL 186074, at *3 (E.D. Mich. Jan. 16, 2024).  Thus,

Payne was expected to know and abide by the relevant statute of limitations as a

*pro se* litigant and his lack of knowledge and imprisonment cannot save his time-

barred claims.

Further, Payne's argument that his claims should be tolled for 101 days

because of administrative orders entered by the Michigan Supreme Court at the

beginning of the COVID-19 pandemic is plainly refuted by caselaw.  As explained

by the Michigan Court of Appeals, "the administrative orders by their language

only applied to deadlines which took place during the state of emergency[.]"

*Armijo v. Bronson Methodist Hosp.*, ___ N.W.3d ___, ___, Nos. 358728 &

358729, 2023 WL 324450, at *5 (Mich. Ct. App. Jan. 19, 2023).  The statute of

limitations did not expire for any of Payne's claims until June 2022, long after the

state of emergency ended in the summer of 2020.

Finally, Payne's argument that defendants are barred from raising a statute

of limitations defense now because they did not raise this defense in their motion

to dismiss his original complaint does not carry the day.  Federal Rule of Civil

Procedure 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a

party that makes a motion under this rule must not make another motion under this

rule raising a defense or objection that was available to the party but omitted from

its earlier motion."

In his original complaint, Payne, who was proceeding *pro se* at the time, included no timeframe for any of his claims.  Defendants were left in the dark regarding when the alleged events at issue occurred and could not know whether three years had passed since any of the alleged events occurred.  Accordingly, the defense was not available to defendants when they filed their motion to dismiss Payne's original complaint.  Furthermore, where subsequent motions are not "intended for purposes of delay or harassment" and adjudication of the motion's merits "will greatly expedite the resolution of the pending dispute," the Court may, "in the interest of promoting efficiency . . . choose[ ] to exercise its discretion and proceed to the merits" of the motion.  *Davis v. City of Dearborn*, No. 2:09-CV-14892, 2010 WL 3476242, at *4-5 (E.D. Mich. Sept. 2, 2010); *see also* 2A James Wm. Moore et al., Moore's Federal Practice ¶ 12.22, at 12–192 (2d ed. 1981) ("A Court might properly entertain [a] second motion [to dismiss] if convinced that it is not interposed for delay and that the disposition of the case on the merits can be expedited by so doing.").

The only claim that is arguably not time-barred is Payne's claim that his constitutional rights were violated between July 2019 and October 2019, when Townley and Conley ensured that he was only fed bag meals consisting of a cold cut sandwich.  (ECF No. 55, PageID.371-372).  As pled, Payne's allegations could reasonably mean that between October 21 and October 31, 2022, his rights were

violated by Townley and Conley.

In sum, even when construing the complaint in the light most favorable to Payne, relief on all of his claims except for the one involving bag meals is "barred by the applicable statute of limitations and [the claims are] thus properly subject to Rule 12(b)(6) dismissal." *Conner*, 6 F. Supp. 3d at 724. Accordingly, the undersigned recommends that these claims be dismissed as untimely. Payne's claim involving allegations that he was improperly fed bag meals will be addressed below.

### C.     Failure to State a Claim

All of Payne's claims except for his Fourteenth Amendment claim concerning bag meals are time-barred. As such, the undersigned will only consider defendants' arguments for failure to state a claim for reasons unrelated to timeliness for this claim. *Alsbrook v. Concorde Career Colls., Inc.*, 469 F. Supp. 3d 805, 842 (W.D. Tenn. 2020) ("Because the TCPA and negligent misrepresentation claims are time-barred, the Court considers only Concorde's arguments for dismissal of the fraud, promissory estoppel, breach-of-contract, and negligence claims.").

In his first amended complaint, Payne states that this claim is brought under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the

equal protection of the laws," U.S. Const. amend. XIV, which is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

To sustain an equal-protection claim, Payne was required to allege, in part, that defendants intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (recognizing equal protection claims brought by a "class of one"). Payne was also required to "adequately plead that . . . such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal quotation marks and citation omitted).

Payne has not alleged membership in a protected class; instead, he alleges that he was treated differently than other inmates. He does not explain how he knows that he was the only prisoner fed exclusively bag meals nor does he allege why he was treated in a disparate manner. Payne's allegations are not sufficient to survive a Rule 12(b)(6) motion. Essentially, "[t]he allegations contained in the [a]mended [c]omplaint as to disparate treatment amount to conclusory and unadorned assertions that, consequently, are not well-pleaded, and not entitled to a

presumption of truth at this stage in the litigation." *Id.*; *see also Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) (allegation of discriminatory intent based on race must be "accompanied by some evidence that the people not disciplined were similarly situated and of a different race"). Accordingly, in the absence of any plausible allegation of disparate treatment, the Payne has failed to state an equal protection claim under the Fourteenth Amendment.

Moreover, Payne's claim would fare no better if it was brought under the Eighth Amendment as a conditions of confinement claim. "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind." *Vaughn v. Daviess Cnty. Det. Ctr.*, No. 4:16-CV-P61-JHM, 2016 WL 5843935, at *3 (W.D. Ky. Oct. 4, 2016). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

14

"In general, convicted criminals are not in a position to complain about the mere unpleasantry of prison meals." *Green v. Tudor*, 685 F. Supp. 2d 678, 694 (W.D. Mich. 2010); *see also Stapleton v. Wilson*, No. 07–cv–218–KSF, 2007 WL 3120121, at *6 (E.D. Ky. Oct. 23, 2007) ("The law is not favorable to inmates who complain about the quality of the food served to them.") (collecting cases). Further, "most courts seem to agree that there is no constitutional right to be served hot food." *Vaughn*, 2016 WL 5843935, at *4 (collecting cases); *see also LaPlante v. Lovelace*, No. 2:13–cv–32, 2013 WL 5572908, at *8 (W.D. Mich. Oct. 9, 2013) ("[T]he fact that Plaintiff did not receive two hot meals per day during his five-month incarceration at MCJ did not constitute the type of extreme deprivation that would violate the Eighth Amendment."). Ultimately, "a prisoner's claim that he was served cold meals does not amount to a constitutional deprivation." *LaPlante*, at *8 (collecting cases). As such, Payne's claim regarding receipt of bagged meals should be dismissed regardless of what amendment it is brought under.

## V.    Conclusion

For the reasons stated above, it is RECOMMENDED that the motion to dismiss the first amended complaint, (ECF No. 56), be GRANTED. If this recommendation is adopted, the case would be dismissed in its entirety.

Dated: February 23, 2024                s/Kimberly G. Altman____
Detroit, Michigan                       KIMBERLY G. ALTMAN
                                        United States Magistrate Judge

15

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

16

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2024.

<u>s/Julie Owens acting in the absence of Carolyn M. Ciesla</u>
CAROLYN M. CIESLA
Case Manager